Jason M. Drangel (JD 7204)
Robert L. Epstein (RE 8941)
William C. Wright (WW 2213)
EPSTEIN DRANGEL BAZERMAN & JAMES, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------X

ONTEL PRODUCTS CORPORATION

     v.        Civ. Action No. 07 CV 7356

AMICO INTERNATIONAL CORP.
And AMICO POWER CORPORATION

---------------------------X

**INQUEST MEMORANDUM ON DAMAGES**

Defendants were placed on notice of the trademark and copyright infringement in this action by two different law firms. *Drangel Declaration, ¶¶ 5, Exs. 1-2 ("Drangel Dec.")* Nevertheless, the Defendants continued to sell counterfeit goods. *Drangel Dec. ¶¶ 6-11, Exs. 3-6*. At first, Defendants indicated they purchased only two infringing units at a flea market in China. *Drangel Dec. ¶ 6-Ex. 3*. Defendants then indicated they purchased no goods. *Drangel Dec. ¶¶ 7, Ex. 4.* Later, they admitted to having additional stock from a different source in China. *Drangel Dec. ¶¶ 8, Ex. 5.*

Plaintiff purchased Defendants' infringing goods on two separate occasions through Ebay. *Drangel Dec. ¶¶ 4, 12.* Defendants also sold the infringing goods to a distributor in Texas. We placed the Texas distributor on notice of the infringement. The distributor identified Defendants as the source of the goods. The Texas distributor shipped its remaining stock back to Defendants. *Drangel Dec. ¶¶ 9-11, Ex. 6.*

Defendants continued to sell the infringing goods after notice from the Texas distributor as well. *Drangel Dec. ¶ 12.* Defendants have willfully infringed and should pay maximum statutory damages and attorneys' fees and costs.

A. **TRADEMARK DAMAGES**

The Complaint seeks relief for trademark infringement. The Lanham Act provides that, at any time before final judgment is rendered, a trademark owner may elect to recover an award of statutory damages, rather than actual damages, for the use of a counterfeit mark in connection with goods or services. 15 U.S.C. 1117(c). Statutory damages may be awarded in the amount of:

> 1. not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for

2

>sale, or distributed, as the court considers just; or
>2.  if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. 15 U.S.C. 1117(c).

The statute "does not provide guidelines for courts to use in determining an appropriate award as it is only limited by what the court considers just." *Gucci America, Inc. v. Duty Free Apparel, Ltd,* 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) (Marrero, J.), quoting *Louis Vuitton Malletier v. Veit,* 211 F.Supp.2d 567, 583 (E.D.Pa. 2002) and 15 U.S.C.§ 1117(c). However, courts have found some guidance in the case law of an analogous provision of the Copyright Act, 17 U.S.C. & 504(c), which also provides statutory damages for willful infringement. See, e.g ., *Louis Vuitton,* 211 F.Supp.2d at 583; *Sara Lee Corp. v. Bags of N. Y., Inc.,* 36 F.Supp.2d 161, 166 (S.D.N.Y.1999). *See, Copyright Infringement section, below.*

This court has frequently awarded $1,000,000 per infringed mark. See *Nike, Inc. v. Top Brand Co.* Ltd.. 2006 WL 2946472 (S.D.N.Y. Feb. 27. 2006) (Ellis, M.J.) (awarding $1,000,000 per infringed mark), adopted by Judge Wood on October 6, 2006; *Gucci America. Inc. v. Duty Free Apparel, Ltd,* 315 F.Supp.2d 511, n. 8 (S.D.N.Y.2004) (Marrero, J.) (awarding $2,000,000 for two infringed marks under the Lanham Act and New York General Business Law § 349, but noting that "the maximum statutory damages was arguably higher than $2 million"); and *Phillip Morris USA. Inc. v.. Marlboro Express,* 2005 WL 2076921. at *6 (E.D.N.Y. Aug. 26, 2005) (Sifton, J.) (awarding $4,000,000 for four infringed marks, where it was estimated that the defendant's counterfeiting operation earned it $4,773,790 for at least 200,000 cartons of cigarettes). See *Louis Vuitton Malletier v. Veit.* 211 F.Supp.2d at 584-85 (E.D.Pa.2002) (awarding a total of $1,000,000 for six Louis Vuitton marks); *Rolex Watch U.S.A., Inc, v. Brown,* 2002 WL 1226863, at *2 (S.D.N.Y. June 5, 2002) (Peck, M.J.)

(awarding the $1,000,000 maximum statutory damage amount, without multiplication for multiple marks); *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354, at *5 (S.D.N.Y. Apr. 17, 2002) (Maas, M.J.) (awarding $500,000 for nine Rolex marks and $100,000 for one Ralph Lauren mark).

### B.   COPYRIGHT DAMAGES

The Complaint seeks relief for copyright infringement. Under the Copyright Act, courts look to factors such as: (1) "the expenses saved and the profits reaped;" (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant." *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986); *Gucci America*. 315 F.Supp.2d at 520.

Moreover, where "a defendant is shown to have acted willfully, a statutory damages award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354, at *5 (S.D.N.Y. 2002) (Maas, M.J.), adopted without modification by Judge Cote on June 18, 2002. When a defendant has defaulted, then by virtue of its default it is deemed to be a willful infringer. *Rodgers v. Anderson*. 2005 WL 950021, at *3 (S.D.N.Y. 2005) (Peck, M.J.); *Tiffany v. Luban*, 282 F.Supp .2d 123, 124-25 (S.D.N.Y. 2003) (Marrero, J.).

## C. AWARD OF DAMAGES FOR TRADEMARK AND COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS

The current case is one of willful and intentional infringement. *See Drangel Declaration.* The Defendants knowingly and recklessly infringe upon Plaintiff's trademark and copyright and must be held accountable. In this action, there is one (1) infringed registered trademark and therefore $1,000,000 is appropriate and necessary when factoring the blatant willfulness of the Defendants' infringement. There is also one registered copyright registration and therefore, $1,000,000 is appropriate and necessary when factoring the blatant willfulness of the Defendants' infringement.

## D. ATTORNEY'S FEES AND COSTS

In copyright actions, attorneys' fees and costs are awarded as a matter of course to a prevailing plaintiff. Also, the Copyright Act authorized attorneys' fees in the event a Plaintiff registers its copyright prior to infringement, as is the case in this action.

With regard to trademark infringement, the Second Circuit has held that the Lanham Act authorizes the award of attorney's fees to prevailing parties in "exceptional cases," 15 U.S.C. § 1117(a), which this court has interpreted to mean instances of "fraud or bad faith," *Twin Peaks Productions v. Publications International, Ltd.*, 996 F.2d 1366, 1383 (2d Cir. 1993) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001 1004 (9th Cir. 1985)), or "willful infringement," *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995); *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003).

Attorney's fees may also be awarded under the Lanham Act. See *Rodgers v Anderson*, 2005 WL 950021. at *4 (S.D.N.Y. 2005) (Peck, M.J.) (citing cases). Many decisions have awarded attorneys' fees where the damage award is pursuant to 1117(c). *Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354 at *6; *Sarah Lee Corp. v. Bags of New York Inc.*, 36 F.Supp.2d at 170-71.

A willful infringement may be considered an exceptional case under the Lanham Act. *GTFM, Inc. v. Solid Clothing Inc.*, 215 F.Supp.2d 279, 305-06 (S.D.N.Y. 2002) ("'exceptional' circumstances include willful infringement.... [Defendant] Solid engaged in willful infringement. If defendant's bad faith alone were not sufficient to make this an exceptional case, its continued sales between March and November 2001, its conduct during discovery, and its perjury during deposition and at trial make this an exceptional case. GTFM is entitled to reasonable attorney's fees."); *Rolex Watch U.SA.. Inc. v. Brown*, 2002 WL 1226863 at *3.

Plaintiff has incurred $9,636 in attorneys' fees and costs in this action. *Drangel Dec.* ¶ 14.

Dated: 5/13/08

EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Jason M. Drangel (JMD 7204)
Robert L. Epstein (RE8941)
William C. Wright (WCW 2213)
Attorneys for Plaintiff
60 East 42nd Street
Suite 820
New York, NY 10165

Tel: 212-292-5390
Fax: 212-292-5391